UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-248-MOC

| | |
|---|---|
| DIANA RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss filed By Defendant Wells Fargo Bank, N.A. (Doc. No. 9).

I.  BACKGROUND AND PLAINTIFF'S ALLEGATIONS

A. BACKGROUND

This case arises out of Plaintiff's former employment as a Capital Markets Analyst at Wells Fargo. Plaintiff was terminated from her employment on December 25, 2020, due to a company layoff. Plaintiff filed this action on May 25, 2021, bringing claims for: (1) unlawful discrimination based on national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; (2) unlawful discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112; and (3) discrimination based on age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Plaintiff alleges that Defendant discriminated against her based on her national origin (Hispanic with Jewish ethnicity), age (54), and disability (asthma). She also brings claims for retaliation and failure to accommodate her disability, and she claims that Wells Fargo violated a federal "whistle blower retaliation" law.

On July 21, 2021, Defendant filed the pending motion to dismiss pursuant to Rules

1

12(b)(2), 12(b)(4), and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff has filed a Response, Defendant has filed a Reply, and Plaintiff has filed a Surreply. This matter is therefore ripe for disposition.

### B. EEOC CHARGE

On February 12, 2021, Plaintiff submitted a Charge of Discrimination to the EEOC. (Doc. No. 1, pp. 8-9). In the EEOC Charge, Plaintiff alleged discrimination occurring between January 1, 2014, and November 23, 2020, while also checking the "continuing action" box. (Id.). Plaintiff checked the boxes for retaliation, age, and disability. (Id.).

The Charge alleges that in 2014, a manager accused Plaintiff of "infecting [her] coworker" and sprayed Plaintiff's cubicle with Lysol, which exacerbated her purported disability. (Id.). Plaintiff's Charge alleges that in 2017, the same manager blocked her from using the elevator during a fire drill. Plaintiff claimed that she could not use the stairs "because of her disability." (Id.). Plaintiff's EEOC Charge alleged that in 2019, a coworker called her a Nazi twice. (Id.). The EEOC Charge also alleged that in "early 2020," Plaintiff heard a manager call her a lazy employee and her manager failed to accommodate her during a temporary power outage because the manager "told [her] to use the stairs due to the elevator not working" even though using the stairs "exacerbates [her] condition." (Id.). Each of these allegations relates to incidents before August 16, 2020.

Plaintiff's EEOC Charge alleged that, in October 2020, she complained about the manager's treatment of her during a teleconference with her workgroup. (Id.). She also claims

---

[1] Defendant's motion also included a Rule 12(b)(5) motion to dismiss, but Defendant noted in its Reply brief that it was withdrawing that motion.

that on October 27, 2020, her manager informed her that she was being laid off due to job elimination. (Id.). Plaintiff alleged that at 54 years old, she was the oldest in her position with her job title. (Id.). Plaintiff's Charge alleges that she "believe[s] she was laid off based on [her] age and being the oldest among the analysts, and in retaliation for the protected complaints" she reported to human resources. (Id.).

On or about March 9, 2021, the EEOC issued a Notice of Right to Sue Letter. (Id. at p. 10).

### C. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff alleges in the Complaint that Defendant discriminated against her based on her national origin, age, and disability. She also checked the boxes for retaliation and failure to accommodate her disability, and she alleges that Defendant violated a federal "whistle blower retaliation" law. (Doc. No. 1 at II-III.A). Plaintiff's Complaint details nine allegations of purportedly discriminatory actions. (Id.). One allegedly occurred in 2014, three allegedly occurred in 2017, and five allegedly occurred at unidentified time periods in 2020. (Id.).

Plaintiff's Complaint alleges that in 2014, a manager sprayed her cubical with Lysol, exacerbating her breathing problems. (Doc. No. 1, III). She claims that in 2017, she was required to use the stairs during a fire drill, a coworker called her a Nazi twice, and employees shook her cubicle wall. (Id.). Plaintiff alleges that on an unidentified date in 2020, presumably "early 2020" as that is the time period stated in the EEOC Charge, "Gary Finkle failed to accommodate my disability during a power outage. I walked up 7 flights of stairs. Due to severe asthma, it took me 30 minutes." (Id.).

Plaintiff's Complaint also alleges that at an unspecified time in 2020, she was denied the opportunity to take a Series 7 class that others were allowed to take and that a manager

3

complained during a meeting Plaintiff held that nothing was being done. (Id.).

Plaintiff claims that she was the oldest analyst and that she and a younger coworker in her 20s, Ashley Artman, were laid off in December 2020. (Id.). Plaintiff alleges that Defendant subsequently rehired Artman in January of 2021. (Id.). Plaintiff alleges that she has "applied for at least 10 Wells Fargo positions since I was laid off without any offers." (Id.). Plaintiff's EEOC Charge did not assert any allegations about applying for and not being re-hired. (Id. at pp. 8-9).

## II. STANDARD OF REVIEW AND DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(4) challenges the sufficiency of process. See FED. R. CIV. P. 12(b)(4). "When the process gives the defendant actual notice of the pendency of the action, the rules ... are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id.

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will

4

survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

**A. Defendant's Motion to Dismiss Based on Improper Service**

Defendant contends this Court lacks personal jurisdiction over it because it was not properly served. When a defendant seeks dismissal for insufficient process or insufficient service of process under Rules 12(b)(4), the plaintiff bears the burden of establishing that proper service of process was performed and that the process itself was proper. Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963)); see also Brissett v. Freemont Inv. & Loan Corp., No. 4:08-CV-77-F, 2010 WL 686547, at *2 (E.D.N.C. Feb. 24, 2010). "In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Elkins, 213 F.R.D. at 275.

Here, a summons was issued to Defendant on May 26, 2021. (Doc. No. 2). The summons

5

is addressed to "Wells Fargo Bank, N.A. 633 Folsom Street 7th Floor San Francisco, CA 94107" and does not include the name of any officer, director, or managing agent of the Company, or other agent authorized by appointment or by law to be served.[2] (Id.). A summons issued to a corporation without the identification of an officer, director, or managing or authorized agent is defective on its face. Gittens v. Equifax, 3:16cv228, 2019 WL 5790655, at *2 (W.D.N.C. Nov. 5, 2019) (citing Lane v. Winn-Dixie Charlotte, Inc., 609 S.E.2d 456, 460 (N.C. Ct. App. 2005); Shoemaker v. Precision Steel Warehouse, 3:07-cv-540, 2008 WL 697637 (W.D.N.C. Mar. 12, 2008). This Court has previously recognized:

> It is important to note that proceeding pro se ordinarily will not excuse failure to properly accomplish service or a failure to understand the rules. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). However, "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Id.

Brown v. Charlotte Rentals LLC, No. 3:15-CV-0043, 2015 WL 4557368, at *3 (W.D.N.C. July 28, 2015). Bearing these principles in mind, the Court finds that dismissal of this case is not appropriate under Rule 12(b)(4).

### B. Defendant's Motion to Dismiss Based on Failure to Exhaust

In her Complaint, Plaintiff alleges that Defendant discriminated against her based on her national origin, age, and disability. She also checked the boxes for retaliation and failure to

---

[2] Plaintiff attempted to serve Wells Fargo by delivering a copy to Katie Bajracharya, a branch banker at 5926 Weddington-Monroe Rd., Wesley Chapel, North Carolina. (Doc. No. 3; Doc. No. 7).

6

accommodate her disability and claims that Wells Fargo violated a federal "whistle-blower retaliation" law.

Before bringing a claim pursuant to Title VII, an individual must first exhaust her administrative remedies. An employee in North Carolina must file a Charge of Discrimination with the EEOC within 180 days of the alleged acts of discrimination to properly exhaust her administrative remedies under the ADA. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117; 29 U.S.C. § 626(d)(1)(A). It is well-settled that "[t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (citing King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976)). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id.

Here, Plaintiff's EEOC Charge did not allege national origin discrimination, purported disparate treatment with respect to the Series 7 test, or purported discriminatory failure to rehire. (Doc. No. 1, pp. 8-9.) Accordingly, she did not exhaust her administrative remedies with respect to these claims, and such claims are dismissed. See Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005).

Similarly, Plaintiff failed to exhaust her administrative remedies with respect to most of her factual allegations. Pursuant to the ADA, the ADEA, and Title VII, an employee cannot seek redress in federal court for an employer's alleged discriminatory conduct unless he filed a charge of discrimination with the EEOC within 180 days "after the alleged unlawful practice occurred." 29 U.S.C. § 626(d); see also 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a); McCullough v.

7

Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) (claim is time-barred in federal court if employee does not file a timely charge with the EEOC).

Plaintiff submitted a Charge of Discrimination to the EEOC on February 12, 2021. (Doc. No. 1, pp. 8-9). One hundred and eighty days before February 12, 2021, is August 16, 2020. Despite this limitations period, Plaintiff's Complaint identifies nine incidents: one purportedly occurred in 2014, three purportedly occurred in 2017, and five purportedly occurred at unidentified time periods in 2020. All allegations preceding 2020 are outside the limitations period. Accordingly, Plaintiff's claims regarding the Lysol spray, coworkers shaking her cubicle, a coworker calling her a Nazi, and being asked to use the stairs during a fire drill may not form the basis of her discrimination claims.

Moreover, while the Complaint fails to identify dates on which purported discrimination occurred, Plaintiff's EEOC Charge alleged that in "early 2020," she heard a manager call her lazy and that her manager failed to accommodate her disability during a power outage when the manager "told [her] to use the stairs due to the elevator not working" even though using the stairs "exacerbates [her] condition." Plaintiff must specifically plead that the dates of such events are within the limitations period, and Plaintiff has failed to do so. Based on Plaintiff's EEOC Charge allegations that these events occurred in "early 2020," each of these allegations relates to incidents before August 16, 2020, and they also cannot be used to form the basis of her discrimination claims.

Here, the Court finds that, given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss as to Plaintiff's claims for age and disability discrimination, including her failure to accommodate, retaliation, and whistleblower protection

8

claims, to the extent those claims are based on events that occurred after August 16, 2020.[3] The Court holds these claims under consideration pending further development of the record.

### III. CONCLUSION

Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part** in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 9), is **GRANTED in part** and **DENIED in part**.

Signed: September 16, 2021

Max O. Cogburn Jr
United States District Judge

---

[3] Defendant contends that Plaintiff's Complaint fails to identify any purported protected activity in which Plaintiff engaged or when it purportedly occurred. Defendant contends that, likewise, there are no allegations sufficient to suggest a causal link between any purported protected activity and her termination with others as part of a layoff. Plaintiff alleges, however, that in October 2020 she complained about the manager's treatment of her during a teleconference with her workgroup. Because Plaintiff is proceeding pro se, and in light of the Fourth Circuit Court of Appeals' recent propensity give plaintiffs much leeway in the Rule 12(b)(6) context, the Court will allow Plaintiff's retaliation and federal whistleblower claim to proceed past the dismissal stage.