UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-248-MOC

| | | |
|---|---|---|
| DIANA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, pro se, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the following motions: pro se Plaintiff Diana Rodriguez's Motion to Begin Discovery, (Doc. No. 31); Defendant's Motion to Seal Document No. 31, Motion for Discovery and Related Memoranda and Enforce the Confidential Settlement Communications Agreement, (Doc. No. 33); Plaintiff's pro se Motion to Dismiss re: 33 Motion to Seal Document No. 31, Motion for Discovery and Related Memoranda and Enforce the Confidential Settlement Communications Agreement, (Doc. No. 38); and Plaintiff's Motion to Amend Complaint, (Doc. No. 39).

First, Plaintiff's Motion to Begin Discovery will be denied as moot, as the Court has already entered a discovery order that sets forth discovery deadlines.[1]

Next, as to Defendant's Motion to Seal and to Enforce the Confidential Settlement Communications Agreement, Defendant notes that Plaintiff has breached the parties' Agreement by disclosing certain offered settlement amounts in her Motion to Begin Discovery. As

---

[1] In any event, Plaintiff has informed the Court that she is withdrawing this motion.

Defendant notes, the Agreement calls for liquidated damages in the amount of $100 for either party's breach of the Agreement.

The Court grants Defendant's motion and orders Plaintiff to pay Defendant $100 for violating the parties' Confidential Settlement Communications Agreement by disclosing proposed settlement amounts in her pleadings in this Court. The Court will decline, however, to award attorney fees to Defendant. To the extent the Court is granting Defendant's motion in part, Plaintiff's motion to dismiss Defendant's motion will be denied.

Finally, Plaintiff's Motion to Amend the Complaint is denied for the reasons stated in Defendant's brief in opposition, particularly because allowing the amendment would be futile because Plaintiff is attempting to add claims for certain damages that are not allowed under current law. Furthermore, a plaintiff may not amend a Complaint piecemeal. Plaintiff has merely sought to supplement her Complaint with additional damages that she seeks. She also has not attached a proposed Amended Complaint to her motion. For these reasons, her motion is denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Begin Discovery, (Doc. No. 31), is **DENIED**.

(2) Defendant's Motion to Seal Document No. 31, Motion for Discovery and Related Memoranda and Enforce the Confidential Settlement Communications Agreement, (Doc. No. 33) is **GRANTED IN PART** in accordance with this Order. To this extent, **the Clerk's Office shall place Plaintiff's Motion to Begin Discovery (Doc. No. 31), and Plaintiff's Reply (Doc. No. 42) under seal because they contain information that Plaintiff agreed not to disclose under the parties' Confidential Settlement Communications Agreement.** Furthermore, Plaintiff shall pay Defendant one-hundred dollars ($100) for breaching the Confidential Settlement Communications

Agreement. Plaintiff shall pay Defendant within 30 days of entry of this Order. Plaintiff is not required to pay Defendant's attorney fees.

(3) Plaintiff's Motion to Dismiss re: 33 Motion to Seal Document No. 31, Motion for Discovery and Related Memoranda and Enforce the Confidential Settlement Communications Agreement, (Doc. No. 38), is **DENIED**; and

(4) Plaintiff's Motion to Amend Complaint, (Doc. No. 39), is **DENIED**.

Signed: April 5, 2022

Max O. Cogburn Jr.
United States District Judge