UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-248-MOC

| | | |
|---|---|---|
| **DIANA RODRIGUEZ**, | ) | |
| Plaintiff, pro se, | ) ) ) | |
| Vs. | ) ) | ORDER |
| **WELLS FARGO BANK, N.A.**, | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for New Trial. (Doc. No. 85). Defendant filed a response in opposition. (Doc. No. 86). For the following reasons, Plaintiff's motion will be **DENIED**.

To the extent that Plaintiff's motion relies on FED. R. CIV. P. 59(a) (new trial), it must be denied. A court can only grant a Rule 59(a) motion after a jury or nonjury trial. There was no trial here: this Court disposed of Plaintiff's claims on summary judgment. (Doc. No. 83). Consequently, Plaintiff's Rule 59(a) motion will be denied.

To the extent that Plaintiff's motion relies on FED. R. CIV. P. 59(e) (alter or amend), it must also be denied. In the Fourth Circuit, a district court may only grant a Rule 59(e) motion to reconsider "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . .; or (3) to correct a clear error of law or prevent manifest injustice." Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Kirby v. General Elec. Co., 210 F.R.D. 180, 194 (W.D.N.C. 2000) (quoting Pac Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations omitted)).

1

Plaintiff argues in her motion that this Court failed to consider certain evidence before granting Defendant's summary judgment motion. (Doc. No. 85). For newly discovered evidence to justify granting a motion to reconsider, the movant must show that the evidence would have changed the Court's original decision. See Theidon v. Harvard Univ., 948 F.3d 477, 495 (1st Cir. 2020) (quoting Franchina v. City of Providence, 881 F.3d 32, 56 (1st Cir. 2018)); Ingle ex rel. Est. of Ingle v. Yelton, 439 F.3d 191, 198 (4th Cir. 2006). Plaintiff identifies the contents of her phone conversation with "Annika Jeffries," a Wells Fargo employee, as new evidence justifying this Court's reconsideration of its summary judgment order. This evidence does not justify reconsideration for two reasons.

First, it is unclear that this evidence was "newly discovered." Plaintiff admits that the phone call in question occurred on August 5, 2023. (Doc. No. 85 at 3). This Court did not enter summary judgment until August 24, 2023. (Doc. No. 83). True, this Court did not rule on Plaintiff's Motion to Consider New Evidence pertaining to the Jeffries telephone call. But that evidence was before the Court at the time it made its findings on summary judgment.

Second, even if the evidence were newly discovered, this Court could not have considered the evidence in ruling on summary judgment. That is because Plaintiff's recount of her phone call with Ms. Jeffries constitutes inadmissible hearsay, which "cannot be considered on a motion for summary judgment." Maryland Highways Contractors Ass'n, Inc. v. State of Md., 933 F.2d 1246, 1251–52 (4th Cir. 1991) (citing Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 973–74 n.8 (4th Cir. 1990)).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for New Trial. (Doc. No. 85) is **DENIED**.

Signed: October 20, 2023

Max O. Cogburn Jr
United States District Judge